UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-598-RJC

| MACK EUGENE POLK, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| ALVIN W. KELLER, JR., Secretary of Department of Corrections, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the following Motions by Petitioner Mack Eugene Polk, Jr. ("Petitioner"):

(1) Motions to Amend his § 2254 Petition, (Doc. Nos. 9, 12 and 14);

(2) Motion to Expand the Record and to Amend Petitioner's Response to Respondent's Motion for Summary Judgment, (Doc. No. 13);

(3) Motion Requesting Leave to Request Production of Documents, (Doc. No. 16);

(4) Motion to Compel, (Doc. No. 18); and

(5) Motion to Expand Record and Reply Brief to Respondent's Response Opposing Petitioner's Motion to Compel Discovery, (Doc. No. 20).

On November 22, 2010, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. No. 1). The Petition names the state of North Carolina as respondent and alleges that: (1) the statute proscribing crimes against nature under which he was convicted is unconstitutionally vague; (2) his conviction for committing a crime against nature constitutes double jeopardy; (3) his conviction for committing a crime against nature was obtained in violation of his Fifth, Sixth and Fourteenth Amendment rights because the State erroneously

reported in its appellate brief that he signed a written statement saying that he had engaged in oral sex, and it further contended that his statement was overwhelming evidence of penetration; (4) the trial court committed plain error and violated his Fifth, Sixth and Fourteenth Amendment rights when it omitted the essential element of penetration from its charge for the crime against nature; (5) his conviction for committing a crime against nature was unconstitutionally obtained by virtue of an invalid indictment; (6) his conviction for having obtained habitual felon status was unconstitutionally obtained by virtue of an invalid indictment; (7) the State's appellate counsel violated his right to a direct appeal by erroneously asserting that he had admitted having oral and anal sex; and (8) he was subjected to ineffective assistance when trial counsel failed to object to the erroneous jury instructions, and appellate counsel failed to challenge the erroneous assertions made in the State's appellate brief. (Doc. No. 1 at 5-13).[1]

On December 17, 2010, the State filed an Answer in which it denied the material allegations set forth in the Petition. (Doc. No. 5). Also on that date, the State filed a Motion for Summary Judgment seeking a summary dismissal of Petitioner's action. (Doc. No. 6).

On December 28, 2010, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the requirements of Federal Rule of Civil Procedure 56(e)(2) and of his obligation to respond to the State's Motion for Summary Judgment. (Doc. No. 8). Petitioner timely filed his Response to Respondent's Motion on January 18, 2011. (Doc. No. 10). In addition, Petitioner has filed several non-dispositive

---

[1] Union County grand juries charged Petitioner with assault on a female, communicating threats, second degree forcible rape, three counts of crime against nature, three counts of second degree sexual offense, and being a habitual felon. North Carolina v. Polk, 197 N.C. App. 232, *1 (May 19, 2009) (Table). The trial jury convicted Petitioner of assault on a female, communicating threats, crime against nature (by fellatio), and being a habitual felon. Id. at *2.

motions for the Court's review.

Petitioner has filed three Motions to Amend. (Doc. Nos. 9, 12 and 14). The first and second such Motions, filed December 28, 2010 and February 1, 2011, seek to substitute Alvin W. Keller, Jr. ("Keller") as the respondent in the place of the State of North Carolina. (Doc. Nos. 9 and 12). The last Motion to Amend, filed May 3, 2011, seeks to add another claim of trial court error and to include additional facts in support of his allegations of ineffective assistance of counsel. (Doc. No. 14). In particular, Petitioner seeks to add an allegation that the trial court's omission of the essential element of penetration from the instruction for the crime against nature violated his right to a jury verdict on each element of the charged offense as protected under both the North Carolina and United States Constitutions. (Doc. No. 14-1 at 1-2). In addition to his original allegations of ineffectiveness, Petitioner also seeks to allege that trial counsel was ineffective for: (1) allowing the trial court to find him guilty of a crime against nature without requiring the jury to find the essential element of penetration beyond a reasonable doubt; (2) failing to object to his being prejudiced when the charging documents and arrest warrant were revealed to the jury by one of the State's witnesses; (3) failing to object to the State's constructive amendment of the crime against nature charge by using the word "coerced" in the jury instruction instead of the word "force" as was alleged in the indictment; (4) failing to request Brady materials until the day the trial began; (5) failing to advise him of the steps to take in order to receive 16 months' credit for time spent in custody; (6) failing to object to the erroneous calculation of his sentencing level; and (7) failing to use certain medical evidence to impeach two of the State's witnesses.

The State does not oppose Petitioner's first two Motions to Amend but has filed a Response opposing the final Motion. (Doc. No. 15). The Response asserts that Petitioner's

proposed amendments are merely re-phrased versions of his original claims and, therefore, adequately addressed in its Answer and Motion for Summary Judgment. (Doc. No. 15 at 1). In the alternative, the State asserts that to the extent the Court finds the amendments raise new claims, they should be denied as conclusory. (Id.).

Petitioner's Motions to Amend are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides that when a movant seeks to amend his pleading more than 21 days after a responsive pleading has been filed, he must either secure written consent from his opponent or permission from the court. FED. R. CIV. P. 15(a)(1) and (2). While leave to amend should be freely given when justice so requires, FED. R. CIV. P. 15(a)(2), the Court has discretion to deny a motion to amend when, among other reasons, an amendment would be futile. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

As noted above, Petitioner's first two Motions to Amend are unopposed and merely seek to name the proper party as respondent. Therefore, the Court will grant the first Motion to Amend, (Doc. No. 9), substitute Keller as the respondent, and dismiss the second Motion to Amend, (Doc. No. 12), as moot.

Petitioner's third Motion to Amend seeks, among other matters, to add another claim of trial court error. However, a claim that the trial court violated Petitioner's state and federal constitutional rights to a jury verdict as to each element by omitting the element of penetration from its charge does little more than restate his original claim that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights when it omitted the penetration element from its

4

charge.[2]  Likewise, Petitioner's proposed allegation that trial counsel erroneously allowed the court to convict him of committing a crime against nature without requiring proof beyond a reasonable doubt of the penetration element also is a re-statement of his original allegation that counsel was ineffective for failing to object to the jury instruction that omitted the penetration element.  Therefore, the Court will dismiss Petitioner's third Motion to Amend, (Doc. No. 14), as moot concerning those two proposed claims.

Moreover, Petitioner's proposed allegations that counsel was ineffective for failing to timely request certain Brady materials, to object to the disclosure of the charging documents and arrest warrant to the jury, to properly advise him about obtaining 16 months' credit toward his sentence, and to use medical evidence to impeach the State's witnesses are too conclusory to state a claim for relief.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding that claims must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").  Petitioner fails to explain how counsel's delayed request or the disclosure to the jury of the indictment or warrant prejudiced him, to explain how counsel's advice actually resulted in his loss of jail credit, or to identify the specific medical evidence that he believes counsel could have used to impeach the witnesses.  Therefore, Petitioner's proposed amendment would be futile and the Court will deny the Motion to Amend as to these allegations.  See Niles Bolton, 602 F.3d at 603.

But the Court finds that Petitioner's proposed allegations that trial counsel failed to

---

[2] The Court notes that Petitioner's proposed claim seeks to allege a violation under North Carolina's Constitution.  However, because "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," a claim raised under a state constitution simply cannot entitle a petitioner to any relief in a proceeding brought pursuant to 28 U.S.C. § 2254.  Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (emphasis in original).

object to: (1) the constructive amendment of the indictment by the jury charge; and (2) the erroneous calculation of his sentencing level, are sufficient to state a claim for ineffective assistance of counsel. Moreover, the Court finds that such allegations are distinct from the matters that Petitioner raised in his original Petition and, therefore, were not addressed in either the State's Answer or Motion for Summary Judgment. Therefore, the Court will grant Petitioner's third Motion to Amend, (Doc. No. 14), as to these allegations and will give Keller an opportunity to respond to them.

On April 5, 2011, Petitioner also filed a Motion to Expand the Record to Amend his Response to Respondent's Motion for Summary Judgment. (Doc. No. 13). That motion seeks to clarify Petitioner's request that the Court adopt the portions of the State's exhibits which Petitioner has identified as exhibits for Petitioner's Response in opposition to Respondent's Motion for Summary Judgment. (Id. at 2). Such exhibits include documents filed by both Petitioner and the State in connection with Petitioner's state collateral proceedings. (Id. at 5). Furthermore, the Motion seeks to provide Petitioner's testimony that those exhibits are true and correct. (Id. at 2 and 5).

The State does not oppose this motion and the Court finds good cause. Therefore, the Court will grant Petitioner's Motion to Expand the Record to Amend Petitioner's Response, (Doc. No. 13), to include the subject exhibits and attestation.

On May 3, 2011, Petitioner filed a Motion Requesting Leave to Request Production of Documents, essentially seeking permission to engage in discovery. (Doc. No. 16). The State has filed a Response opposing that Motion on the grounds that its Brief supporting the Motion for Summary Judgment shows that Petitioner is not entitled to any relief on his claims and Petitioner has not otherwise shown good cause to permit him to engage in discovery.

The Court, for good cause, may authorize a party to conduct discovery. Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254. There is good cause for discovery "when a petition for habeas corpus establishes a prima facie case for relief." United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). In other words, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969).

Petitioner first seeks to have Keller provide him with "any document that can show this Court he was convicted of an alleged 'fellatio in the bedroom of the residence' and not fellatio in the livingroom, porch, kitchen or any other location," and "any document in the form of a statement written/signed by [him] that says he and [the victim] engaged in oral sex anywhere on the alleged offense date . . . ." (Doc. 16 at 1-2). Petitioner alleged that the State's appellate brief erroneously reported that he had admitted having oral sex, and that appellate counsel was ineffective for having failed to challenge that misrepresentation. See (Doc. No. 1 at 13: Petition for Habeas Corpus). Petitioner argues that he needs the above discovery to prove this claim. (Doc. No. 16 at 1-2).

Even assuming that Petitioner is correct that the State's brief erroneously reported that Petitioner confessed, the State's other evidence was sufficient to convict and Petitioner cannot establish prejudice to his appeal resulting from the misstatement. See Bone v. Polk, No. 10-6969, 2011 WL 3235719, at *4 (4th Cir. July 29, 2011) (to establish an ineffective assistance claim, "a criminal defendant must show that his counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense" (internal quotations omitted)). The State presented testimony from the victim establishing that while in

7

the bedroom, Petitioner revealed his genitals to her, forced her head toward them, threatened her when she began to cry, and so she performed oral sex on him. It presented testimony from the victim's friend, two police officers, and a sexual assault nurse examiner who testified that within hours of the occurrence, the victim gave the same report to them about Petitioner making her perform oral sex on him. Consequently, the Court finds that the requested materials do not provide any greater support for Petitioner's claim that counsel was prejudicially ineffective for failing to challenge the misstatement.

Petitioner also seeks the production of "all [f]orensic [m]edical [e]vidence (specifically the DNA swab results . . ." taken from the victim in connection with his prosecution, and any "[d]ocuments in the form of [f]orensic [m]edical [e]vidence that would support probable cause weather [sic] a physical assault had taken place, a [sic] illegal sex act [] happened . . . " (Doc. No. 16 at 2-3). However, the record reflects that the requested forensic evidence was not introduced during Petitioner's trial. (Doc. Nos. 22-30: Trial Transcript). Nor was it presented to either the appellate or collateral review courts. (Doc. Nos. 4; 5; 11-13). Petitioner has made no attempt to explain his failure to present the evidence to a state court. In Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), the Supreme Court made it clear that a federal court's review of a state court's adjudication is limited to the record as it existed when it was before the state court that adjudicated the claim on the merits. Therefore, inasmuch as the Motion for Appropriate Relief ("MAR") court found that Petitioner's claims were "without merit" without considering this evidence, Petitioner is not entitled to present the requested materials to this Court.

Moreover, even if the MAR court's denial were not "on the merits," the Court cannot review the requested new evidence because Petitioner failed to demonstrate good cause. Id. at 1399 ("At a minimum [] § 2254(e)(2) still restricts the discretion of federal habeas courts to

8

consider new evidence when deciding claims that were not adjudicated on the merits in state court . . . federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.") (internal quotation marks and citation omitted). Therefore, the requested evidence cannot be considered by the Court.

Petitioner's Motion further seeks his "Motion for Appropriate Relief and exhibits" to support his Response to Respondent's Motion for Summary Judgment. (Id.). Petitioner claims that such documents show that there is a genuine factual dispute and material issue to be resolved. (Id. at 4). However, the State's Brief in support of its Motion for Summary Judgment included Petitioner's MAR and its exhibits. (Doc. Nos. 7-13 and 7-14).

Petitioner has failed to establish good cause for his Request for the foregoing materials. Accordingly, Petitioner's Motion Requesting Leave to Request Production of Documents, (Doc. No. 16), is denied.

As the Court has denied Petitioner's Motion Requesting Leave to Request Production of Documents, his Motion to Compel Respondent to provide the subject discovery, (Doc. No. 18), and his Motion to Expand Record and Reply Brief to Respondent's Response Opposing Petitioner's Motion to Compel Discovery, (Doc. No. 20), are dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Amend his § 2254 Petition, (Doc. No. 9), is **GRANTED**;

(2) Petitioner's Motion to Amend, (Doc. No 12), is **DISMISSED as moot**;

(3) Petitioner's Motion to Amend, (Doc. No. 14), is **GRANTED in part, DISMISSED as moot in part, and DENIED in part.** Petitioner's § 2254 Petition shall be amended to include claims that trial counsel was ineffective in

9

failing to object to: (1) the constructive amendment of the indictment by the jury charge; and (2) the erroneous calculation of his sentencing level;

(4) Within thirty (30) days of the date of this Order, Keller shall file a response to the two amended claims;

(5) Petitioner's Motion to Expand the Record and to Amend his Response to Respondent's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED.** Petitioner's Response, (Doc. No. 10), shall be supplemented to include the requested exhibits;

(6) Petitioner's Motion Requesting Leave to Request Production of Documents, (Doc. No. 16), is **DENIED**; and

(4) Petitioner's Motion to Compel, (Doc. No. 18), and Motion to Expand Record and Reply Brief to Respondent's Response Opposing Petitioner's Motion to Compel Discovery, (Doc. No. 20), are **DISMISSED as moot**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge