# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-598-RJC

| | |
|---|---|
| MACK EUGENE POLK, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALVIN W. KELLER, JR., Secretary of ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 6). For the reasons that follow, Respondent's Motion for Summary Judgment will be granted.

## I. BACKGROUND

On November 22, 2010, Petitioner Mack Eugene Polk, Jr. filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus challenging his state court conviction and raising numerous claims for relief. (Doc. No. 1). On February 8, 2008, Petitioner was convicted of one count each of assault on a female, communicating threats, crime against nature, and of being an habitual felon, following a jury trial in Union County Superior Court before the Honorable W. David Lee. Petitioner was sentenced to consecutive terms totaling 109-139 months in the North Carolina Department of Corrections. Petitioner noted a timely appeal to the North Carolina Court of Appeals. On May 19, 2009, the court, in an unpublished opinion, found no error and upheld Petitioner's convictions, and the Supreme Court of North Carolina denied discretionary review on August 27, 2009; Petitioner was represented by counsel at trial and on appeal. (Doc.

Nos. 7-2; 7-3). After his conviction was affirmed, and discretionary review was denied, Petitioner filed a pro se motion for appropriate relief ("MAR") in the Union County Superior Court on August 12, 2010. (Doc. Nos. 7-11; 7-12; 7-13). Judge Lee entered an order on August 18, 2010, which summarily denied the MAR, and alternatively denied the MAR on grounds of procedural bar. Judge Lee found that Petitioner was adequately in position to have raised his claims on direct appeal but he failed to do so. Judge Lee's MAR order also adjudicated Petitioner's claims on the merits. (Doc. No. 7-14). Petitioner next filed a pro se petition for writ of certiorari, first with the North Carolina Court of Appeals, and second with the Supreme Court of North Carolina. Each petition was denied. (Doc. Nos. 7-14; 7-17; 7-18). This pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 followed. (Doc. No. 1).

The Petition names the State of North Carolina as Respondent and alleges that: (1) the statute proscribing crimes against nature under which he was convicted, N.C. Gen. Stat. § 14-177, is unconstitutionally vague; (2) his conviction for committing a crime against nature constitutes double jeopardy; (3) his conviction for committing a crime against nature was obtained in violation of his Fifth, Sixth and Fourteenth Amendment rights because the State erroneously contended in its appellate brief to the North Carolina Court of Appeals on direct appeal from his state court convictions that Petitioner had signed a written statement that he had engaged in oral sex, and the State further contended that Petitioner's statement was overwhelming evidence of penetration; (4) the trial court committed plain error and violated his Fifth, Sixth, and Fourteenth Amendment rights when it omitted the essential element of penetration from its charge to the jury on the charge of crime against nature; (5) his conviction for committing a crime against nature was unconstitutionally obtained by virtue of an invalid indictment; (6) his conviction for having obtained habitual felon status was unconstitutionally

obtained by virtue of an invalid indictment; (7) the State's appellate counsel violated Petitioner's right to a direct appeal by erroneously asserting that he had admitted having oral and anal sex with the victim; (8) Petitioner was subjected to ineffective assistance of counsel when trial counsel failed to object to the erroneous jury instructions, and appellate counsel failed to challenge the erroneous assertions made in the State's appellate brief; and (9) the trial court committed plain error by failing to instruct the jury on the essential element of penetration for the offense of crime against nature. (Doc. No. 1 at 5-13).[1]

Respondent filed an answer, (Doc. No. 5), and a motion for summary judgment. (Doc. No. 6). Petitioner then filed three motions to amend his petition, (Doc. Nos. 9, 12, and 14), and the motions were allowed in part and denied in part. (Doc. No. 21).[2] The Court allowed the following additional claims for relief: Trial counsel was ineffective when he (1) failed to object to the constructive amendment of the indictment by the trial court in its charge to the jury; and (2) when she allowed the trial court to commit an erroneous calculation of his sentencing level. Respondent filed a response addressing Petitioner's two additional claims. (Doc. No. 22).

## II. STANDARD OF REVIEW

    A.    Summary Judgment

---

[1] The Union County grand jury indicted Petitioner with the crimes of assault on a female, communicating threats, second degree forcible, three counts of crime against nature, three counts of second degree sexual offense, and being an habitual felon. State of North Carolina v. Polk, 2009 WL 1383346, at *1 (N.C. Ct. App. May 19, 2009). The trial jury convicted Petitioner of assault on a female, communicating threats, one count of crime against nature (by fellatio in the bedroom), and being a habitual felon. Id. at *2.

[2] The Court allowed Petitioner's motion to amend his Petition to name Alvin W. Keller, Jr. as the proper Respondent. (Doc. No. 21 at 9).

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp. 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B.  Section § 2254 Review

In addition to the standard for summary judgment noted above, the Court notes the review of the federal courts is restricted by the express language of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and the controlling Supreme Court precedents. Section 2254(d) provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Federal habeas review of state convictions frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." Calderon v. Thompson, 523 U.S. 538, 555-556 (1998). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision.'" Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Section 2254(d), as amended by the AEDPA, "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflict's with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunction in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-787.

## III. DISCUSSION

### A. First Claim for Relief: The statute proscribing crimes against nature under which he was convicted is unconstitutionally vague.

Petitioner did not raise this issue before the trial court nor did he raise this issue on direct appeal to the North Carolina Court of Appeals or in his petition for discretionary review filed with the Supreme Court of North Carolina. Instead, Petitioner confined his appellate challenge to the question of whether the trial court committed plain error by failing to instruct the jury on an essential element of the offense of crime against nature, namely, penetration. (Doc. No. 7-6 at 3).

Petitioner first raised this constitutional claim for relief in his MAR contending that the statute under which he was convicted, N.C. Gen. Stat. § 14-177, "crime against nature," is unconstitutionally vague on its face and as applied to him at trial. (Doc. 7-11 at 13). Judge Lee found that this claim should be summarily denied because Petitioner "was in a position to

adequately raise" the claim before the North Carolina Court of Appeals and in his petition for discretionary review which he filed with the Supreme Court of North Carolina. (Doc. No. 7-14 at 2). See N.C. Gen. Stat. § 15A-1419(a)(3) (The following are grounds for the denial of a MAR: "Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.").

As a general rule, "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." Sharpe v. Bell, 595 F.3d 372, 376 (4th Cir. 2010) (quoting Burket v. Angelone, 208 F.3d 172, 178 (4th Cir. 2000). The Fourth Circuit has "repeatedly held" G.S. 1419(a)(3) "to be both adequate and independent." Id. "A federal habeas court 'does not have license to question a state court's finding of procedural default' or to question 'whether the state court properly applied its own law.'" Id. (quoting Barnes v. Thompson, 58 F.3d 971, 974 (4th Cir. 1995).

In the present case, the state MAR court addressed Petitioner's constitutional claim in two ways. First, the court summarily denied Petitioner's claim as being procedurally barred under G.S. 1419(a)(3) because Petitioner had an adequate platform on appeal to raise the constitutional issue but he failed to do so. (Doc. No. 7-14 at 2). Second, the MAR court denied Petitioner's claim on the merits after it found that Petitioner offered no set of facts in his MAR "that if true, would indicate a reasonable probability that the result of the proceedings would have been different" and "the grounds or issues underlying the present motion are otherwise without merit and demonstrate neither actual prejudice nor good cause to otherwise grant the motion." (Id. at 2-3).

The state MAR court made a clear finding that Petitioner's claim should be denied due to

his procedural default and the claim should be denied on the merits. The Court finds that the state court's ruling on this issue was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. 28 U.S.C. §§ 2254(d)(1) and (d)(2). For the foregoing reasons, Petitioner's constitutional claim is procedurally barred during this federal habeas review and the claim is therefore denied and dismissed.[3]

> **B. Second Claim for Relief: his conviction for committing a crime against nature constitutes double jeopardy.**

Petitioner did not raise this issue before the trial court, on direct appeal or in his petition for discretionary review. Rather, Petitioner raised this constitutional issue for the first time in his MAR. (Doc. No. 7-11 at 19). Just as with his first claim for relief, supra, at 5-6, the state MAR court summarily denied this second claim for relief after finding procedural default, and alternatively found that the claim should be denied on the merits. (Doc. No. 7-14 at 2-3). The Court concludes that state court's ruling on this issue was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. 28 U.S.C. §§ 2254(d)(1) and (d)(2). Therefore, the state court's decision denying Petitioner's MAR precludes this Court from examining the constitutional claim again in this habeas review. Sharpe, 595 F.3d at 376. Accordingly, this second claim for relief is procedurally barred.

---

[3]The summary denial by the state MAR court constitutes a denial on the merits and is therefore entitled to deferential review under section 2254(d) and (e). Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998).

**C. Third Claim for Relief: his conviction for committing a crime against nature was obtained in violation of his Fifth, Sixth and Fourteenth Amendment rights because the State erroneously reported in its appellate brief that he signed a written statement saying that he had engaged in oral sex, and it further contended that his statement was overwhelming evidence of penetration.**

Petitioner contends in his third claim for relief that statements made by the State in its responsive appellate brief to the North Carolina Court of Appeals violated his rights under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. (Doc. No. 1 at 8). Petitioner appears to take issue with the following excerpt from the State's brief:

> Sergeant Luke interviewed the defendant at the Union County Jail and wrote up a signed statement which defendant signed. Defendant said that he and Ms. Lewis had consensual sex, which included intercourse, oral and anal sex.

(Doc. No. 7-7 at 12).

Petitioner contends he did not say in his signed statement that he and the victim had "oral sex <u>anywhere</u> <u>or</u> <u>at any location</u> on the alleged offense date, the state's assertion that he had, was and <u>is totally false</u>. This error was so enormous that the N.C. Court of Appeals opinion is flawed due to this reliance on false information by the state. If not for the error, the outcome of the appeal would have been different. Thus resulting in a miscarriage of justice." (Doc. 10-3 at 1: Petitioner's Response to Respondent's Motion for Summary Judgment) (Emphasis in original). Respondent addresses this argument by explaining that it "is at a loss as to how this argument in the state's brief could possibly have violated any of Petitioner's constitutional rights, since the evidence of penetration was overwhelming. The only issue being whether the penetration was forced or consensual." (Doc. No. 7 at 12).

8

The state MAR court summarily denied Petitioner's third claim for relief as being barred on procedural grounds and in the alternative, the court denied this claim on the merits. (Doc. No. 7-14 at 2-3). Petitioner did not raise this issue in his reply brief although he had the benefit of the State's responsive brief and therefore he had the opportunity to do so. (Doc. No. 7-11 at 60 ¶ 316: Petitioner's MAR; Doc. No. 7-8: Petitioner's Reply Brief to the North Carolina Court of Appeals). As noted above: "A federal habeas court 'does not have license to question a state court's finding of procedural default' or to question 'whether the state court properly applied its own law.'" Id. (quoting Barnes v. Thompson, 58 F.3d 971, 974 (4th Cir. 1995). Petitioner's argument that the North Carolina Court of Appeals was somehow misled by Respondent's responsive brief is without merit. A review of the trial transcript shows that the evidence of penetration was indeed overwhelming based on the victim's testimony and the corroborative testimony of other witnesses at trial. The Court has examined the exceptions in §§ 2254(d)(1) and (d)(2) and finds that Petitioner is not entitled the relief provided therein. Accordingly, Petitioner's third claim is denied and dismissed.

### D. Fourth Claim for Relief: the trial court committed plain error and violated his Fifth, Sixth and Fourteenth Amendment rights when it omitted the essential element of penetration from its charge for the crime against nature.

Petitioner did not raise this issue before the trial court, but did raise the issue in his brief to the North Carolina Court of Appeals and in his MAR. (Doc. No. 7-6 at 6; Doc. No. 7-11 at 25). The court of appeals recognized that Petitioner had failed to raise this issue at trial and as a consequence the Court examined the issue under the "plain error" standard of review. In a unanimous, unpublished decision the court affirmed Petitioner's convictions after finding the

9

following:

> Defendant's sole argument on appeal is that the trial court committed plain error by failing to instruct the jury on the essential element of penetration for the offense of crime against nature. Defendant contends that the instructional error had a probable impact on defendant's guilt because there was no evidence presented that actual penetration occurred. Defendant claims that although the victim testified that she performed oral sex on him, there was no detailed evidence that actual penetration occurred. We are not persuaded.
>
> "A plain error is one 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" State v. Carroll, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (quoting State v. Bagley, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), cert. denied, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)), cert. denied, 539 U.S. 949, 156 L. Ed. 2d 640 (2003). It is to be applied cautiously and only in the exceptional case where the error is so prejudicial, that justice cannot have been done. State v. Baldwin, 161 N.C. App. 382, 388, 588 S.E.2d 497, 503 (2003) (citing State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)). "In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983)(citation omitted).
>
> "The crime against nature, G.S. §14-177, is sexual intercourse contrary to the order of nature. Proof of penetration of or by the sexual organ is essential to conviction." State v. Copeland, 11 N.C. App. 516, 519, 181 S.E.2d 722, 724 (citations omitted), cert. denied, 279 N.C. 512, 183 S.E.2d 688 (1971); see also State v. Whittemore, 255 N.C. 583, 585, 122 S.E.2d 396, 398 (1961)("The crime against nature involving mankind is not complete without some penetration, however slight, of a natural orifice of the body. The penetration need not be to any particular distance.")(citations omitted). Thus, as argued by defendant, the trial court should have instructed the jury on the essential element of penetration. Nevertheless, in this case, we conclude that the trial court's failure to instruct the jury on penetration did not constitute plain error.
>
> "The term 'oral sex' is recognized as describing a sexual act

> involving 'contact between the mouth of one party and the sex
> organs of another.'" State v. Goodson, 313 N.C. 318, 319, 327
> S.E.2d 868, 869 (1985)(quoting People v. Dimitris, 115 Mich. App.
> 228, 234, 320 N.W.2d 226, 228 (1981) (per curiam)). Accordingly, we hold that
> the trial court did not commit plain error.

State v. Polk, 2009 WL 1383346, at *2-3.

The state MAR court summarily denied this claim and denied the claim on the merits. (Doc. No. 7-14 at 2-3). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a 'decision,' which resulted in an adjudication.'" Harrington, 131 S. Ct. at 784.

Federal habeas corpus relief is not available for state law errors related to jury instructions unless "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973). As noted herein, the court of appeals found overwhelming evidence of penetration with regard to oral sex, consequently the court found that the trial court did not commit plain error in failing to instruct as to penetration. Two North Carolina courts have considered this issue and denied Petitioner's claim on the merits. The Court has considered Petitioner's fourth claim for relief and the exceptions set forth in §§ 2254(d)(1) and (d)(2) and finds that Petitioner is not entitled to habeas relief on this claim.

> **E.    Fifth Claim for Relief: his conviction for committing a crime against nature was unconstitutionally obtained by virtue of an invalid indictment.**

Petitioner did not raise his fifth claim for relief before the trial court or on direct appeal. Petitioner did raise this issue in his MAR and the state MAR court summarily denied this claim

11

after finding that Petitioner was in an adequate position to raise this issue on direct review but he failed to do so; alternatively, the state MAR court denied this claim on the merits. (Doc. No. 7-14 at 2-3). The Court has examined the exceptions in §§ 2254(d)(1) and (d)(2) and concludes Petitioner is not entitled to relief under those sections. Accordingly, because the state MAR court adjudicated this issue on the merits, Petitioner is procedurally barred from obtaining habeas relief in this Court. Harrington, 131 S. Ct. at 784.

### F. Sixth Claim for Relief: his conviction for having obtained habitual felon status was unconstitutionally obtained by virtue of an invalid indictment.

Petitioner did not raise his sixth claim for relief before the trial court or on direct appeal although Petitioner did raise this issue in his MAR. The state MAR court summarily denied this claim after again finding that Petitioner was in an adequate position to raise this issue on direct review but he failed to do so. As an alternative ruling, the state MAR court denied this claim on the merits. (Doc. No. 7-14 at 2-3). The Court has examined the exceptions in §§ 2254(d)(1) and (d)(2) and concludes Petitioner is not entitled to relief under those sections. Accordingly, because the state MAR court adjudicated this issue on the merits, Petitioner is procedurally barred from obtaining habeas relief in this Court. Harrington, 131 S. Ct. at 784.

### G. Seventh Claim for Relief: the State's appellate counsel violated his right to a direct appeal by erroneously asserting that he had admitted having oral and anal sex.

This argument is virtually indistinguishable from Petitioner's argument which the Court addressed in Section C, supra at 7-9. Petitioner did not raise this issue on direct appeal but he did raise the issue in his MAR. The state MAR court summarily dismissed the argument, and alternatively, denied Petitioner relief on the merits. (Doc. No. 7-14 at 2-3). The Court has

examined Petitioner's argument and considered the exceptions in §§ 2254(d)(1) and (d)(2) and finds that Petitioner is not entitled to relief thereunder. Accordingly, because the state MAR court adjudicated this issue on the merits, Petitioner is procedurally barred from obtaining habeas relief in this Court. Harrington, 131 S. Ct. at 784.

> **H.** **Eighth Claim for Relief: he was subjected to ineffective assistance when trial counsel failed to object to the erroneous jury instructions, and appellate counsel failed to challenge the erroneous assertions made in the State's appellate brief.**

Petitioner did not raise this issue on direct appeal. Petitioner did raise this issue in his MAR, (Doc. No. 7-11 at 64), and the state MAR court summarily denied the claim after finding that Petitioner had adequate opportunity to raise this issue on direct appeal. Alternatively, the court denied the claim on the merits. (Doc. No. 7-14 at 2-3).

In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id.. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982) ). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d

1425, 1430-31 (4th Cir. 1983) ). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id.. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.' " Id.

After considering the evidence which was before the state MAR court and which has been filed with this Court, the undersigned finds that Petitioner is not entitled to relief under Strickland. The court of appeals found the following facts:

> On 3 June 2006, defendant and the victim, who was the defendant's fiancée, were living together in Matthews, North Carolina. The victim and the defendant were drinking alcohol and using cocaine together. Eventually, defendant asked her to have sex. The victim testified that she did not want to have sex with defendant, so she ignored him. She explained that she ignored defendant because, in the past, he had gotten "violent" and she did not want to make him "mad." The victim testified that she was "trying to keep things as calm as I could." The victim testified that after she ignored him, the defendant "ranted and raved and cussed me . . . for the next two hours and I just sat there and listened to it."
>
> Sometime past midnight, the victim told defendant she was going to bed. She went to the bedroom, turned off the light and got into bed. In response, defendant went into the bedroom after her, "flipped the lights on and he said somebody's mouth is going to get wet tonight and it might as well be yours." At the time, the victim was sitting "cross-legged" in the bed. The defendant walked over to her, unzipped his pants, and looked down at his penis. The victim started to cry. Defendant told the victim that he would give her "something to cry about," grabbed her by the back of her head and her hair and pushed her head towards his groin. The victim then began performing oral sex on the defendant while crying at the same time. After a short time, defendant grabbed the

14

> victim by the wrist, pulled her into the living room, and sat down
> on the couch. Once in the living room, defendant indicated to the
> victim that she should finish performing oral sex on him.
> Defendant asked the victim if he could use a "Smirnoff Ice bottle"
> on her, but she refused because it would "hurt." Afterward,
> defendant and the victim engaged in vaginal and anal intercourse.
>
> The victim testified that she had not said no at any point
> prior to defendant's request regarding the bottle because she was
> afraid defendant would hit her. The victim testified that
> defendant had hit her previously, including punching her in the
> face on two occasions and beating her with a dog leash on a third
> occasion.
>
> The next day, the victim spoke with a friend on the phone and
> told him that she had been assaulted "worse than ever before[.]"
> The friend called the police. Sergeant Chase Coble of the Union
> County Sheriff's Office arrived at defendant and the victim's home.
> The victim told Sergeant Coble that defendant had forced her to
> perform oral sex on him. The victim also told Sergeant Coble that
> she was "scared" of defendant because he had hit her in the past.
>
> After his arrest, defendant gave a signed statement to police.
> Defendant stated that he and the victim had argued, and that they
> had consensual sex, including oral, vaginal and anal sex, on the
> couch in the living room. Defendant denied threatening the victim
> or forcing her to have sex with him.

State v. Polk, 2009 WL 1383346, at *1-2. The court of appeals concluded that "because the evidence is overwhelming that penetration occurred, we conclude the trial court's failure to instruction the jury on the essential element of penetration had no probable impact on the jury's finding of guilt." Id. at *2.

There was overwhelming evidence presented through the testimony of the victim, and corroborated by other witnesses who testified at trial of forced, and/or coerced oral sex, which includes penetration of Petitioner's sex organ into the mouth of the victim. The undersigned finds that based on this evidence which was before the state MAR court (1) that trial counsel's failure to challenge the jury instructions at trial, and (2) appellate counsel's actions in failing to

15

challenge the State's assertion in its brief that Petitioner admitted through his written statement that he and the victim engaged in oral sex, do not rise to the level demanded by Strickland. First, Petitioner cannot show that the but for counsel's actions, the outcome of the proceeding would have been different. And even if Petitioner could show the likelihood of a different outcome, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.' " Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Petitioner has failed to make such a showing. Accordingly, Petitioner is not entitled to habeas relief on his eighth claim for relief.

### I. Ninth Claim for Relief: the trial court committed plain error by failing to instruct the jury on the essential element of penetration for the offense of crime against nature.

This claim for relief was addressed on direct appeal by the North Carolina Court of Appeals, by the state MAR court, and by this Court above. For the reasons stated in Section D, supra, at 9-11, Petitioner's claim is denied and dismissed.

### J. Tenth Claim for Relief: trial counsel was ineffective when he failed to object to the constructive amendment of the indictment by the trial court in its charge to the jury.

The Court has concluded that Petitioner is not entitled to habeas relief on his claim that the trial court committed plain error in failing to instruct the jury on the essential element of penetration for the offense of crime against nature. It follows, then, that Petitioner's trial counsel could not have rendered constitutionally defective assistance of counsel under the exacting standard as set forth in Strickland. Petitioner has failed to show that but for his trial counsel's alleged error the outcome of the trial would have been different. Moreover, Petitioner cannot

show that his conviction was obtained through a "fundamentally unfair or unreliable proceeding." Sexton, 163 F.3d at 882 (citing Lockhart v. Fretwell, 506 U.S. 364, 369 (4th Cir. 1993). Accordingly, Petitioner has failed to show that he is entitled to habeas relief on this claim.

### K. Eleventh claim for Relief: trial counsel was ineffective when he allowed the trial court to commit an erroneous calculation of his sentencing level.

Petitioner contends in his final claim for relief that trial counsel was ineffective for failing to object to his prior record level classification which the trial court found in determining the length of his sentence. (Doc. No. 14-1 at 3). "It is black letter law that a federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" Wright, 151 F.3d at 157 (quoting 28 U.S.C. § 2254(a)).

Petitioner failed to raise this issue on the direct appeal of his convictions and sentence. Petitioner did raise this issue in his MAR. (Doc. No. 7-12 at 68 ¶ 370). The state MAR court summarily denied this claim after finding that Petitioner was in an adequate position to raise this issue on direct appeal, but he failed to do so. Alternatively, the state MAR court denied Petitioner's claim on the merits. (Doc. No. 7-14 at 2-3).

Petitioner filed his Petition under 28 U.S.C. § 2254 on November 22, 2010, and he filed his motion to amend the petition to include the present claim on May 3, 2011. (Doc. No. 14). The Court allowed the motion to amend and provided Respondent with an opportunity to respond to the new claim. (Doc. No. 21 at 9-10). Respondent filed its response and therein contended that Petitioner's amended claim that trial counsel was ineffective for failing to object to the allegedly erroneous calculation of his sentencing level was time barred under the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). (Doc. No. 22 at 6). This argument is

17

overruled. The Court has already ruled that Petitioner's motion to amend under Rule 15(a)(2) would be allowed. (Doc. No. 21 at 4-5). Accordingly, the Court will address Petitioner's second additional claim.

Petitioner's second additional claim contends that trial counsel was ineffective for failing to object to the trial court's classification of his prior conviction of a Class H felony as a Class G felony during his sentencing hearing on February 8, 2008. (Doc. No. 14-1 at 4). During his sentencing hearing, Petitioner's counsel stipulated that the Class H felony for which he was convicted in 1991 was classified as a Class G felony on June 4, 2006, the date of the offenses for which Petitioner was convicted. (Doc. 7-30 at 94). Petitioner contends his counsel's action in failing to object to this classification caused him prejudice because he was sentenced to a greater term of imprisonment. As noted above, the state MAR court summarily dismissed this argument on the ground that Petitioner was in an adequate position to raise this issue on direct appeal but he did not do so. Alternatively, the state MAR court denied this claim on the merits. (Doc. No. 7-14 at 2-3). However, even if this claim were not now procedurally barred under Section 2254, the Court finds that Petitioner's second additional claim is without merit.

Petitioner's counsel made a correct statement of the law during his sentencing hearing: the North Carolina General Assembly had reclassified Petitioner's Class H felony as a Class G felony, and this was the state of the law on June 4, 2006, and at the time Petitioner was sentenced. (Doc. 7-30 at 94). See 1999 N.C. Sess. Laws 370. Under North Carolina's Structured Sentencing Act, in "determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed." N.C. Gen. Stat. § 15A-1340.14(c). Thus, Petitioner's Class H conviction was properly treated as a Class G felony for sentencing purposes on February 8,

2008. Petitioner's second claim for relief is therefore without merit.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** t

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**;

2. Petitioner's Petition filed under 28 U.S.C. § 2254 will be **DENIED** and **DISMISSED**; and

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required

Signed: March 27, 2012

Robert J. Conrad, Jr.
Chief United States District Judge